UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSICA GUIDROZ                              CIVIL ACTION

VERSUS                                       NO: 09-7141

PETROCHEM INSPECTION                         SECTION: J(4)
SERVICES ET AL

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Remand to State Court (Rec. D. 12). Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's Motion is **GRANTED.**

**I. PROCEDURAL HISTORY AND BACKGROUND FACTS:**

Plaintiff brought suit against her former employer Petrochem Inspection Services, Inc, its insurer, and Clinton Hobdy, her former supervisor on September 23rd, 2009 in the 24th Judicial District Court of Jefferson Parish. Plaintiff's petition makes allegations of sexual harassment, retaliation, and intentional infliction of emotional distress. This suit was removed from

state court on October 29, 2009. (Rec. D. 1) pursuant to 28 U.S.C. §1332 alleging diversity of citizenship.

**II. DISCUSSION:**

Plaintiff avers that there is no diversity of citizenship and thus this suit should be remanded to state court. Relying on <u>Carden v. Aroma Associates</u>, Plaintiff argues that each defendant must be diverse from each plaintiff for §1332 to apply. 494 U.S. 185, 187 (1990). If there is a non-diverse party present in the suit, Plaintiff argues that Defendants are required to show that any non-diverse Defendant was improperly joined. 28 U.S.C. § 1441; <u>Smallwood v. Illinois Central R.R. Co.</u>, 385 F. 3d 568, 572 (5th Cir. 2004). It is a "heavy burden" to show a party was improperly joined. <u>Id</u>. at 574.

Plaintiff avers that in making a determination about whether or not a party was improperly joined, the Court is required to resolve all factual allegations in Plaintiff's favor, as well as close questions of law. <u>Id</u>. at 590.

The claim against the non-diverse Defendant in this case is intentional infliction of emotional distress. The elements of intentional infliction of emotional distress were delineated in <u>White v. Monsanto</u>, 585 So. 2d 1205, 1209 (La. 1991). According to Plaintiff, she must show that (a) Defendant's conduct was

extreme and outrageous, (b) the emotion distress is severe, and (c) Defendant intended to subject Plaintiff to severe emotional distress which would result from his conduct. Id.

Plaintiff avers that when this distress is alleged between an employer and an employee, an employee may be entitled to "a greater degree of protection from insult." Id. at 1210. Plaintiff concedes that these cases are limited to "cases involving a pattern of deliberate, repeated harassment over a period of time."Id.;See also Bustamento v. Tucker, 607 So. 2d 532, 538 (La. 1992)(same). Furthermore, the distress must be "more than a reasonable person could be expected to endure." Nicholas v. Allstate Ins. Co., 765 So. 2d 1017, 1027 (La. 2000)

Plaintiff alleges that Clinton Hobdy made continuous and extreme unwelcome sexual advances towards her from June 2007 until December 2008. Plaintiff further alleges that Hobdy was physical in some of his advances and made Plaintiff believe that her employment was conditioned on her acceptance of his sexual conduct. Pl. Memo. Page 4.

Defendants aver that there is no reasonable basis on which this Court could predict that Plaintiff might be able to recover against the non-diverse defendant, Clinton Hobdy. As such, Defendants argue that this matter should not be remanded. Sid Richardson Carbon & Gasoline Co. V. Interenergy Resources Ltd.,

99 F. 3d 746, 751 (5th Cir. 1996).

Defendants note that Plaintiff cannot recover against Clinton Hobdy pursuant to La R.S. 23:3323, the Louisiana Anti-Discrimination Statute, since Hobdy was her supervisor and not her employer.

Defendants rely on an abundance of Fifth Circuit and Louisiana precedent to argue that Plaintiff's allegations against Clinton Hobdy are not sufficient to make out a claim for intentional infliction of emotional distress.

**III. LAW AND ANALYSIS:**

Courts must remand cases to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Doddy v. Oxy USA, Inc., 101 F.3d 448, 456 (5th Cir. 1996).

When a nondiverse party is a defendant, Plaintiff can seek to remand the suit to State Court. 28 U.S.C. § 1332. To avoid the remand, Defendants must show that the nondiverse party was improperly joined. Smallwood v. Ill. Cent. R.R. Co., 352 F.3d 220, 222 (5th Cir. 2003). Because this doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. Id. Improper

4

joinder may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant. Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir. 2003). Since Defendants have not alleged actual fraud, the Court will consider only the second test for improper joinder.

In determining whether a Plaintiff is able to establish a cause of action, the defendant must demonstrate "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood, 385 F.3d at 573. A court may use at least two different methods to assess a plaintiff's claims. Id. First, the court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Id. Ordinarily, this type of analysis will be determinative. See id. If it is apparent that the plaintiff has "misstated or omitted" determinative facts that would determine the propriety of joinder, however, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id.; See also Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). In conducting this inquiry, the Court "must also take into account all unchallenged factual

5

allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003). In addition, the Court must resolve all ambiguities of state law in favor of the non removing party. Id.

Plaintiff argues that the case should be remanded for want of subject matter jurisdiction because Plaintiff and Clinton Hobdy are citizens of the same state. In response, Defendants argue that this court has subject matter jurisdiction over the controversy because the non-diverse defendant was improperly joined, and the remaining, properly joined defendants satisfy the requirements of complete diversity.

The Court turns to the Rule 12(b)(6) type analysis of improper joinder. Rule 12(b)(6) requires only that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face." Iqbal v. Ashcroft, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. US Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).

Louisiana, unlike some states, recognizes a cause of action for intentional infliction of emotional distress in a workplace setting, but has limited the cause of action to cases which involve a pattern of deliberate, repeated harassment over a period of time. See <u>Nicholas v. Allstate Ins. Co.</u>, 765 So. 2d 1017, 1027 (La. 2000).

In order to recover for intentional infliction of emotional distress, a plaintiff must establish: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe and emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. <u>White v. Monsanto</u>, 585 So. 2d 1205, 1208 (La. 1991).

"The distress suffered by the employee must be more than a reasonable person could be expected to endure, and the employer's conduct must be intended or calculated to cause severe emotional distress, not just some lesser degree of fright, humiliation, embarrassment or worry." <u>See</u> <u>Nicholas</u> at 1027(citation omitted).

In order to assess whether or not a claim rises to the level of intentional infliction of emotional distress, courts undertake a highly fact intensive inquiry about what constitutes intentional infliction of emotional distress.

7

In <u>Bustamento v. Tucker</u>, the court held that almost daily improper sexual comments and advances, threatened physical violence, and an attempt to run over the plaintiff with a forklift constituted extreme and outrageous conduct 607 So. 2d 532 (La. 1992). However, in <u>Stewart v. Parish of Jefferson</u>, the court held intentional infliction of emotional distress was not shown, even though a supervisor inflicted harassment for two years in which he questioned the worker's personal life, increased the workload, and pressured the employee to accept a demotion which ultimately led to the employee's termination 668 So. 2d 1292 (La. App. 5th Cir. 1996). Finally, in <u>Walters v. Rubicon, Inc.</u>, the court held that extreme and outrageous conduct was shown when plaintiff's supervisors continuously abused plaintiff verbally, ordered him to ignore company policy which the employee believed was illegal, harassed him with phone calls, endangered him and his son when a supervisor cut in front of him in traffic, and another supervisor pointed his hand at him in the form of a gun and mouthed "pow" 706 So. 2d 503 (La. App. 1st Cir. 1997).

In the present case, Plaintiff has alleged extreme behavior on behalf of Defendant Clinton Hobdy including constant and severe sexual advancements, physical contact, attempts to put Plaintiff in fear of her job in order to solicit sexual contact,

and eventually retaliation for Plaintiff reporting the conduct. As such, the Court finds that Plaintiff's allegations are sufficient to establish "a reasonable basis for the district court to predict that the Plaintiff might be able to recover against an in-state defendant." Smallwood, 385 F.3d at 573. The Court also notes that it is required to resolve any close legal inquiries in favor of Plaintiff. Travis at 649.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand to State Court (Rec. D. 12) is **GRANTED.**

New Orleans, Louisiana, this 5th day of January 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

9